IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GERARDO THOMAS GARZA,<br><br>                        Plaintiff,<br><br>v.<br><br>ROLLIN COOK et al.,<br><br>                        Defendants. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:14-CV-768 DB<br><br>District Judge Dee Benson |

      Plaintiff, Gerardo Thomas Garza, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2015), *in forma pauperis*, *see* 28 id. § 1915.  The Court now screens the Complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

### Deficiencies in Complaint

Complaint:

(a)    is not filed on a proper form complaint.

(b)    does not identify defendants in caption.

(c)    does not set forth causes of action in an organized fashion.

(d)    apparently does not consolidate all Plaintiff's arguments as it must.  (This is based on the arguments included in other documents outside the Complaint.)

(e)    has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution.  *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*'adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

**Instructions to Plaintiff**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant."  *Id.*  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before re-filing his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or other documents on the docket.  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action).  "To state a claim, a complaint must 'make clear

exactly *who* is alleged to have done *what* to *whom*.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position.  *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

## Preliminary Injunctive Relief

The Court evaluates Plaintiff's motion for preliminary injunctive relief.  Plaintiff appears to merely be trying to expedite the relief he seeks in his complaint.  This type of injunction is disfavored by the law.  *See SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991).

Further, Plaintiff has not specified adequate facts showing each of the four elements necessary to obtain a preliminary injunctive order:

> "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest."

*Brown v. Callahan*, 979 F. Supp. 1357, 1361 (D. Kan. 1997) (quoting *Kan. Health Care Ass'n v. Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1542 (10th Cir. 1994)).

Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only when the right to relief is "clear and unequivocal." *SCFC ILC, Inc.*, 936 F.2d at 1098. The Court has carefully reviewed Plaintiff's pleadings and motions for injunctive relief and concludes Plaintiff's claims do not rise to such an elevated level that an emergency injunction is warranted. In sum, Plaintiff has not met the heightened pleading standard required in moving for an emergency injunction.

## ORDER

**IT IS HEREBY ORDERED that:**

(1) Plaintiff must within thirty days cure the Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint for Plaintiff to use should he choose to file an amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff's motion for preliminary injunctive relief is **DENIED**. (*See* Docket Entry # 6.)

(5) Plaintiff's motion for a complete copy of all motions filed in this Court is **DENIED**. (*See* Docket Entry # 8.) Plaintiff's filings are so lengthy that--based simply on his expressed desire to verify what the Court has received from him--it would be an unreasonable burden on the Court to have to copy all Plaintiff's motions and mail them to Plaintiff.

(6) Plaintiff's motions for hearings are **DENIED**. (*See* Docket Entry #s 9 & 10.) Without a valid complaint on file, such motions are premature. Moreover, the Court will

determine on its own--with no prompting from Plaintiff--whether a hearing is required in the future.

DATED this 3rd day of September, 2015.

BY THE COURT:

_____
DEE BENSON
United States District Judge